## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGE ANDRAKO; MARK BRUCE; JOHN MCCORMICK; on behalf of themselves as individuals and all other similarly situated employees; UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS LOCAL UNION 1557, AFL-CIO, CLC;<br>Plaintiffs<br><br>vs.<br><br>UNITED STATES STEEL CORPORATION,<br>Defendant. | CIVIL ACTION<br>No. 2:07-cv-1629-DWA<br><br>CHIEF JUDGE<br>DONETTA W. AMBROSE |

## DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO DISMISS

Dated: April 7, 2008

Amy E. Dias, Esq. (Pa. ID 52935)
aedias@jonesday.com
James S. Urban, Esq. (Pa. ID 82019)
jsurban@jonesday.com
   JONES DAY
500 Grant Street, 31st Floor
Pittsburgh, PA  15219
412-394-7915
412-394-7959 (fax)

J. Michael Jarboe, Esquire (Pa. ID 30741)
jmjarboe@uss.com
Thomas R. Wright, Esquire (Pa. ID 10887)
trwright@uss.com
THE LAW DEPARTMENT OF
UNITED STATES STEEL CORPORATION
600 Grant Street, Suite 1500
Pittsburgh, PA  15219
(412) 433-2832
(412) 433-2811 (fax)

Counsel for Defendant

Defendant United States Steel Corporation ("U. S. Steel") set forth viable and well-supported preemption arguments when it moved to dismiss Plaintiffs' Complaint.  In their response, Plaintiffs misconstrued legal precedent and attempted to lead the Court to believe that granting U. S. Steel's motion would leave them with no remedy, which is inaccurate.

## ARGUMENT

### 1. Plaintiffs' FLSA Claim Should be Dismissed

U. S. Steel argued that Plaintiffs' FLSA claim is preempted by federal labor law because the Court would have to interpret applicable collective bargaining agreements.  See U. S. Steel's Memo. at pp 8-10.  In response, the individual Plaintiffs[1] argue that their FLSA claim must survive because (i) they are permitted under the Supreme Court's holding in Barrentine v. Arkansas-Best Freight System, Inc., 450 U.S. 728 (1981), to proceed at this point in federal district court and (ii) their FLSA claim does not require interpretation of any collective bargaining agreements.  They are wrong on both fronts.

The Supreme Court's Barrentine decision and controlling Third Circuit precedent accurately interpreting Barrentine require dismissal of Plaintiffs' claims.  Barrentine is a procedurally distinguishable case in which the Plaintiffs (unlike here) first grieved and arbitrated their dispute and, as a result, were deemed by the Eighth Circuit to have waived their FLSA claims.  Id. at 734.  The Supreme Court reversed the Eighth Circuit, holding that the plaintiffs did not waive[2] their FLSA claims by first pursuing grievance and arbitration remedies.  In so holding, the Supreme Court expressly assumed that arbitrators would first interpret relevant

---

[1] Plaintiffs concede that Local 1557 lacks standing to enforce the FLSA rights of its members.

[2] Here, U. S. Steel is not arguing that the individual Plaintiffs will waive any FLSA rights by first pursuing grievance and arbitration remedies set forth in the Basic Labor Agreement ("BLA").

collective bargaining agreement provisions where an FLSA claim implicated the labor agreement. Id. at 741, n.19 (noting that "the FLSA … includes a number of references to collective-bargaining agreements" and stating "we assume without deciding that *a court should defer to a prior arbitral decision construing the relevant provisions of the collective-bargaining agreement*" ) (emphasis added).

Nine years later, the Third Circuit accurately applied Barrentine and rejected the notion that Barrentine permits union-represented plaintiffs to ignore the grievance and arbitration procedure and proceed directly to federal court with an FLSA claim that requires CBA interpretation. Vadino v. A. Valey Eng'rs, 903 F.2d 253 (3d Cir. 1990). The Third Circuit stated:

> The FLSA contains no language suggesting that an action filed thereunder would be an appropriate vehicle for the interpretation of a disputed provision of the collective bargaining agreement.
> \* \* \*
> [I]n the event of a dispute … under a collective bargaining agreement and a consequential claim under the overtime provision of the FLSA, the procedure we envision is to decide the contract interpretation issue through the grievance procedure to arbitration.

Id. at 265. Accordingly, the controlling Third Circuit law, wholly consistent with Barrentine, is that FLSA "claims which rest on interpretations of the underlying collective bargaining agreement must be resolved pursuant to the procedures contemplated under the LMRA, specifically grievance [and] arbitration … ." Vadino, 903 F.2d at 266.

More recently, just a year ago, a federal district court in Philadelphia applied the controlling law of the Third Circuit (e.g., Vadino) and dismissed a complaint filed by union-represented employees in a donning-and-doffing case whose FLSA claim involved collective bargaining agreement interpretation. Townsend v. BC Natural Chicken LLC, Civ. Action No. 06-4317, 2007 WL 442386 (E.D. Pa. Feb. 2, 2007) ("BC Chicken") (FLSA claim involved "interpretation of the CBA, requiring the Court to find preemption in accord with Vadino … ").

Plaintiffs' attempt to distinguish B.C. Chicken is unavailing. Contrary to Plaintiffs' contention, and as U. S. Steel demonstrated in its opening brief (pp. 9-10), this Court will be required to interpret collective bargaining agreements at multiple levels, including at a minimum BLA provisions relating to hours of work (BLA Art. 5 § C.1), overtime (BLA Art 5, § D.1-2), and Local Working Conditions (e.g., local agreements, customs and practices) (BLA Art. 5, Section A). Particularly with respect to the donning, doffing, and washing claims in this case, the activities and time at issue are peculiarly subject to local agreements and practices.

Further, the collective bargaining agreement in BC Chicken expressly and unambiguously permitted "12 minutes pay per week to provide for wash up" time (but was silent as to time spent donning and doffing). Even though the language seemed to be clear, the district court nonetheless rejected the notion that no CBA interpretation was required and dismissed the case pursuant to Vadino. BC Chicken, 2007 WL 442386 at *4. Here, the BLA does not contain any such explicit provision similar to that in BC Chicken and, as such, arguably requires significantly greater interpretation and analysis, specifically with respect to local agreements and practices at Clairton.

In both the Barrentine and Vadino decisions, the courts noted the express reference to collective bargaining agreements in FLSA Section 203(o), which excludes from the definition of hours worked "any time spent in changing clothes or washing at the beginning or end of each workday which was excluded from measured working time during the week involved by the *express terms of or by custom or practice under* a bona fide collective-bargaining agreement … ." 29 U.S.C. § 203(o). Here, the presence of, and the interpretation and application of, local customs, practices, and agreements are squarely implicated by Plaintiffs'

-3-

Complaint.³  The Supreme Court wrote in <u>Barrentine</u> that deferral to arbitration is appropriate "[w]here plaintiff's claim depends upon application of one of the [FLSA] exceptions," such as Section 203(o).  450 U.S. at 741, n.19.  The Third Circuit, nine years later, specifically referenced footnote 19 of the <u>Barrentine</u> decision when it held that that FLSA claims involving collective bargaining agreement interpretation must proceed through grievance and arbitration.  <u>Vadino</u>, 903 F.2d at 266.  Plaintiffs' attempt to circumvent the controlling precedent must be rejected.

### 2. **Plaintiffs' PWPCL Claims Are Preempted**

Plaintiffs presented unavailing arguments in response to U. S. Steel's attack of their Wage Payment and Collection Law ("PWPCL") claim.  First, by arguing that federal labor laws do not preempt their PWPCL claim because the Court would not have to interpret the BLA (which is incorrect), Plaintiffs ignore the fact that their right to compensation must arise from an agreement with U. S. Steel.  <u>See</u> <u>BC Chicken</u>, 2007 WL 442386, at *5 (citing <u>Antol v. Esposto</u>, 100 F.3d 1111, 1117 (3d Cir. 1996)).  Where the agreement is a collective bargaining agreement, the PWPCL claim is preempted by federal labor law.  <u>Antol</u>, 100 F.3d at 1121.  Here, the

---

³ In light of the averments of Plaintiffs' Complaint (see Complaint at ¶¶ 12-13, 22-23 and 27-28), Plaintiffs' argument that no interpretation is necessary should result in the dismissal *with prejudice* of the donning, doffing, and washing claims asserted in this case.  Because Plaintiffs *admit* in their Complaint to the existence of a *practice* that, under their collective bargaining agreement, they are not compensated for such time, then the straightforward application of Section 203(o) eliminates any claim that such time is compensable under the FLSA.  The Third Circuit held in <u>Turner v. City of Philadelphia</u>, 262 F.3d 222 (3d Cir. 2001) that such a practice satisfies § 203(o)'s requirement of a "custom or practice under a bona fide" collective bargaining agreement.  See id. at 225-27 (rejecting prison guards' FLSA claim due to practice of not compensating because it is a "well-established principle of labor law that a particular custom or practice can become an implied term of a labor agreement through a prolonged period of acquiescence"); <u>see also</u> <u>Anderson v. Cagle's, Inc.</u>, 488 F. 3d 945, 958-59 (11th Cir. 2007) ("policy concerning compensation (or noncompensation as the case may be) for clothes changing, written or unwritten, in force or effect at the time a CBA was executed satisfies § 203(o)'s requirement of a 'custom or practice under a bona fide' CBA …. ").

underlying "agreement" either is a collective bargaining agreement (triggering federal labor law preemption) or there is no agreement (requiring dismissal for failure to state a claim).

Second, Plaintiffs argued that FLSA preemption was not appropriate because they bring their claim pursuant to a PWPCL provision that expressly authorizes a labor union to bring a representative action on behalf of its members. Contrary to Plaintiffs' belief, it is that specific provision of the PWPCL that requires dismissal under the doctrine of obstacle preemption. Section 216(b) of the FLSA states that "[n]o employee shall be a party plaintiff to any such [FLSA overtime] action unless he gives his consent in writing to become such a party . . . ." 29 U.S.C. § 216(b). In other words, Section 216(b) disallows representative actions, permitting FLSA overtime claims to proceed on an opt-in basis only. However, the PWPCL *expressly permits* representative actions without any opt-in mechanism, see 43 P.S. § 260.9a(b), and Plaintiffs themselves seek to pursue their PWPCL claim as such.

In his well-reasoned decision in Ellis v. Edward D. Jones & Co., 527 F. Supp. 2d 439 (W.D. Pa. 2007), Judge Gibson of this Court found that the absence of an opt-in requirement in these state wage statutes blocks the accomplishment and execution of Congressional objectives. Judge Gibson was correct. A state law is preempted via obstacle preemption if it "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." Int'l Paper Co. v. Ouellette, 479 U.S. 481, 492 (1987); Fasano v. Fed. Reserve Bank of N.Y., 457 F.3d 274, 280 (3rd Cir. 2006). Here, the PWPCL provision that authorizes representative actions without an opt-in requirement, pursuant to which Plaintiffs proceed, blocks the Congressional purpose and objectives underlying FLSA Section 216(b). Thus, it is preempted.

## CONCLUSION

For the foregoing reasons, as well as those set forth in U. S. Steel's opening brief, the Court should dismiss the Complaint in its entirety.

           Respectfully submitted,

Dated: April 7, 2008            /s/ James S. Urban
           Amy E. Dias, Esq. (Pa. ID 52935)
           aedias@jonesday.com
           James S. Urban, Esq. (Pa. ID 82019)
           jsurban@jonesday.com
           JONES DAY
           500 Grant Street, 31st Floor
           Pittsburgh, PA  15219
           412-394-7915
           412-394-7959 (fax)

           J. Michael Jarboe, Esquire (Pa. ID 30741)
           jmjarboe@uss.com
           Thomas R. Wright, Esquire (Pa. ID 10887)
           trwright@uss.com
           THE LAW DEPARTMENT OF
           UNITED STATES STEEL CORPORATION
           600 Grant Street, Suite 1500
           Pittsburgh, PA  15219
           (412) 433-2832
           (412) 433-2811 (fax)

           Counsel for Defendant

PII-1174140v5