**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GEORGE ANDRAKO, MARK BRUCE and JOHN MCCORMICK, on behalf of themselves as individuals and all other similarly situated employees, | : : : : | CIVIL ACTION 2:07-1629 |
| Plaintiffs, | : : | |
| vs. | : : | Judge Ambrose |
| UNITED STATES STEEL CORPORATION, | : : | Electronically Filed |
| Defendant. | : : : | |

**DEFENDANT'S MOTION TO STRIKE
OPINIONS AND TESTIMONY OF BOPAYA BIDANDA, Ph.D**

Defendant United States Steel Corporation ("Defendant" or "U. S. Steel"), by and through its undersigned counsel, asks the Court to strike the opinions and testimony of Bopaya Bidanda, Ph.D., on whom Named Plaintiffs George Andrako, Mark Bruce and John McCormick ("Named Plaintiffs") largely relied in their Brief in Opposition (Docket No. 500) to U. S. Steel's class decertification motion.  In support of this Motion, and as is discussed and supported more fully in a contemporaneously filed Brief, U. S. Steel states as follows:

1. When the Court set deadlines for discovery regarding class- and merits-related issues, it directed Named Plaintiffs to provide their Rule 26(a)(2) expert disclosures on or before February 1, 2010.  See Docket No. 419, ¶ 2.

2. Named Plaintiffs identified University of Pittsburgh Industrial Engineering Professor Bopaya Bidanda as their expert on February 1, 2010.  After obtaining several extensions, they tendered his report (attached hereto at Tab A) on February 25, 2010.

3. In his report and a one-page supplement (attached at Tab B) tendered on March 22, 2010, Professor Bidanda estimated walking times between locker rooms and coke batteries at

the Clairton Coke Plant, and opined that U. S. Steel's payroll data "may easily be converted into a computer readable format."  He tendered no further opinions.

4.      Pursuant to Federal Rule of Civil Procedure 26(a)(2)(B), an expert report shall contain, among other things, "a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions; [and] any exhibits to be used as a summary of or support for the opinions. ..."
Fed. R. Civ. P. 26(a)(2)(B).

5.      Further, pursuant to Federal Rule of Evidence 702, a proffered expert may offer opinion testimony only "if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case."  See Fed. R. Evid. 702; see also Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 592-93 (1993).

6.      All opinions offered by Professor Bidanda fail under the strict standard required by Rule of Evidence 702 because the data and methodology upon which Professor Bidanda relies are flawed and incomplete, and his resultant opinions are unreliable and categorically unhelpful. The foregoing is demonstrated by his own deposition testimony (attached at Tab C), the testimony of U. S. Steel manager Keith Schilling (attached at Tab E) and the testimony of Class Members (attached at Tabs F through P).

7.      Further, when Named Plaintiffs responded to U. S. Steel's class decertification motion, Professor Bidanda offered new opinions that were not contained in his report and supplement thereto.  Specifically, he stated *for the first time* in a declaration (attached at Tab D) that he had developed a spread sheet containing a mechanical formula that he contends can

identify days on which Named Plaintiffs or Opt-Ins are owed compensation for walking time and calculate the amount of time for which they purportedly are owed compensation.

8.      He offered his new opinions even though he testified during his deposition months earlier that no further opinions would be forthcoming.  If these new opinions are not stricken from the record, U. S. Steel will be prejudiced without an opportunity to cure (due to its inability at this stage to cross-examine or present a rebuttal expert).

For the reasons set forth above, which more fully are discussed (with supporting legal authority) in Defendant's supporting Brief, the Court should strike Professor Bidanda's opinions and testimony.  A proposed order is attached hereto.

*[The remainder of this page intentionally left blank.]*

Respectfully submitted,

Dated:  August 9, 2010

    /s/  James S. Urban
Amy E. Dias, Esq. (Pa. ID 52935)
James S. Urban, Esq. (Pa. ID 82019)
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA  15219
412-394-7915
412-394-7959 (fax)

Lawrence C. DiNardo (*admitted pro hac vice*)
lcdinardo@jonesday.com
JONES DAY
77 West Wacker Drive
Chicago, IL  60601-1692
312-269-4306
312-782-8585 (fax)

J. Michael Jarboe, Esq. (Pa. ID 30741)
Thomas R. Wright, Esq. (Pa. ID 10887)
THE LAW DEPARTMENT OF
UNITED STATES STEEL CORPORATION
600 Grant Street, Suite 1500
Pittsburgh, PA  15219
(412) 433-2832
(412) 433-2811 (fax)

Counsel for Defendant